Bettina S. SHARP, Plaintiff–Appellant,

v.

UNITED AIRLINES, INCORPORATED, Defendant–Appellee.

No. 00–1875.

United States Court of Appeals, Seventh Circuit.

Argued Oct. 30, 2000.

Decided Jan. 2, 2001.

Rene Hernandez (argued), Belvidere, IL, for Plaintiff–Appellant.

Joel H. Kaplan (argued), Seyfarth Shaw, Chicago, IL, for Defendant–Appellee.

Before RIPPLE, DIANE P. WOOD and EVANS, Circuit Judges.

PER CURIAM.

Pursuant to Circuit Rule 26.1, the defendant-appellee filed a disclosure statement. Question 3 requires the following information: "The names of all law firms whose partners or associates have appeared for the party in the case or are expected to appear for the party in this case." Counsel answered "Seyfarth Shaw." Upon examination of the record, the court discovered that this answer was not complete. The firm of Mayer, Brown and Platt represented the defendant-appellee during the early portion of the proceedings in the district court.

The requirements of Circuit Rule 3 are important to the expeditious and fair adjudication of cases filed in this court. They also help ensure a high level of public confidence in the work of this court. The judges of the court rely on the representations of counsel in determining whether any judge or staff member is ineligible to participate in the case. Misstatements, even when discovered by the court in the early stages of the adjudication of the case, can cause significant delays and the waste of already stretched judicial resources. Accordingly, upon discovery of the omission, the court required counsel to file a statement stating why a sanction ought not be imposed for this significant omission from the certificate of interest.

In a reply filed just several days after our order, counsel apologized for the omission and assured the court that their failure to note Mayer, Brown and Platt's representation of the client during the early stages of the litigation was wholly inadvertent. They point out that Mayer, Brown and Platt had represented the party only in the litigation of a motion to dismiss the ·complaint. The present attorneys had represented the client throughout the taking of discovery and the subsequent filing and briefing of the motion for summary judgment. At the time that the disclosure statement was filed on appeal, the attorneys simply did not recall the earlier representation by another firm.

We believe that counsel's expeditious response to the court's rule to show cause, then frank apology, and the fact that the mistake was obviously an oversight that occurred during a good faith effort to comply with our rules counsels that we discharge the rule to show cause.[1]

Modern technology affords the practicing bar significant tools to record the history of a case and to retrieve expeditiously that history when it is needed in order to comply with requirements such as those contained in Circuit Rule 3. We have every confidence that, in the future, counsel will afford themselves of the advantages of this technology to ensure that a repetition does not occur and, indeed, we commend such a practice to the rest of the practicing bar.

RULE TO SHOW CAUSE DISCHARGED

---

1. Neither the issuance of our prior order to show cause nor this order should be construed as constituting discipline, in any form, of the attorneys involved in this case.